IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FANTASTIC SAMS FRANCHISE CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>DONMARCOS, LLC, DONALD HENSON and MARK PATTON,<br><br>  Defendants. | Civil Action No. 2:24-cv-2867 |

**ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Before the Court is Plaintiff Fantastic Sams Franchise Corporation's ("Plaintiff's" or "Fantastic Sams'") Motion for Default Judgment, filed on December 16, 2024. (ECF No. 29.) Pursuant to Rule 55(b)(2), the Court finds the Motion is well-taken, and it is therefore **GRANTED**. Based on Plaintiffs' Motion, the December 17, 2024, Hearing, and the entire record in the case, the Court finds as follows:

1.  On November 11, 2024, Plaintiff filed its Complaint against Defendants DonMarcos, LLC, Donald Henson, and Mark Patton (collectively, "Defendants"). (ECF No. 1.) Plaintiff asserted five counts: (1) violation of the Lanham Act for monetary damages; (2) violation of the Lanham Act for injunctive relief; (3) breach of contract, specifically of a post-term covenant not to compete; (4) breach of contract, specifically identification as a Fantastic Sams hair salon; and (5) common law unfair competition. (Id. at PageID 14–18.)

2. Plaintiff is a business which franchises Fantastic Sams salons to franchisees. (Id. at PageID 4.) Franchisees "are licensed to use Fantastic Sams trade names, service marks, and trademarks and to operate under the Fantastic Sams franchise system (the 'Fantastic Sams System' or 'System')." (Id.) This System includes "using specially designed spaces with specific equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information." (Id. (citing ECF No. 1-2 at PageID 28).) During a franchisee relationship, Plaintiff provides its franchisees with a manual, and conducts periodic training sessions, on the details of the System. (Id. at PageID 5.) Plaintiff owns the following marks and related logos:

    a. Fantastic Sams Cut and Color, No. 4,924,187, 4,924,189, 4,924,190

    b. F/S, Registration Nos. 5,019,015; 5,087,286

(Id. at PageID 7.)[1]

3. The relationship between Plaintiff and its franchisees is governed by the terms and conditions of a franchise agreement. (Id. at PageID 6.) Each franchise agreement contains both an "in-term covenant" and a "post-term covenant," where:

    a. "In-term covenant" is an agreement by the franchisee "not to be involved in any business that offers hair cutting, hair coloring, and/or hair care services and/or related products during the term of their franchise agreement." (Id.)

    b. "Post-term covenant" is the same agreement, but for two years after the termination of the agreement, within a five mile radius of the franchised salon. (Id.)

---

[1] Plaintiff alleges they own the marks and logos for "Fantastic Sams Color and Cut." (ECF No. 1 at PageID 7.) However, in searching the five registration numbers alleged, the Court could only find marks and logos related to "Fantastic Sams Cut and Color" and "F/S."

4. On June 17, 2024, third party MACALLS, LLC and DonMarcos entered into a Salon License Renewal Agreement (the "License Agreement"). (Id. at PageID 8 (citing ECF No. 1-2).) The License Agreement, which was later assigned to Plaintiff, allowed DonMarcos the right to use the Fantastic Sams system until June 17, 2024. (Id.) DonMarcos operated Salon #10332. (Id.) As part of the License Agreement, DonMarcos was unconditionally obligated to pay a weekly licensing fee ($292.64), a weekly national advertising fee ($135.46), and contributions to a regional advertising fund (variable). (Id. at PageID 9.) Non-payment would be considered material breach, as per the License Agreement. (Id.)

5. In the event of termination, DonMarcos would be required to:

    a. "immediately cease using the Marks, trade dress, business format, signs, structures and forms of advertising indicative of the Fantastic Sams System and Fantastic Sams products;"

    b. De-identify the salon "to distinguish the Salon Location from a Fantastic Sams Salon";

    c. Pay all sums owed to Plaintiff; and

    d. Continue to pay its weekly licensing and national advertising fees for the rest of the License Agreement Period.

(Id. at PageID 10 (citing ECF No. 1-2 at PageID 46–47).) The License Agreement contains the same post-term covenant described above.

6. On February 14, 2024, Plaintiff informed DonMarcos the License Agreement was terminated after Donmarcos failed to make its weekly payments. (Id.) On February 23, 2024, Plaintiff initiated arbitration against Defendants, seeking final termination of the License Agreement, money damages, and enforcement of the post-term covenant. (Id. at PageID 11.)

Defendants did not participate. (Id.) The arbitrator found Plaintiff properly terminated the License Agreement and ordered Defendants to pay awards in totaling $70,309.74. (Id. (citing ECF No. 1-3).) The arbitrator also ordered Defendants to comply with the post-term covenant. (Id.) On December 12, 2024, the Desoto County, Mississippi Circuit Court confirmed the arbitration award in all respects. (See ECF No. 27-1.)

7. Plaintiffs allege Defendants continue to operate their salon at the same location where they once franchised Plaintiff's store. (Id. at PageID 12.) Plaintiff alleges Defendants hold themselves out to the public as a Fantastic Sams location by retaining signage and possibly performing Fantastic Sams-approved salon treatments. Plaintiff alleges this confuses the public and violates Defendants' non-compete covenants.

8. On November 13, 2024, Defendants were served with a copy of the Complaint and Summons. (ECF Nos. 11–13.)

9. On November 15, 2024, the Court set a preliminary injunction hearing for December 4, 2024. (ECF No. 14.) The Court required Plaintiff to serve Defendants with notice of the hearing. (See id.) The hearing was moved to December 17, 2024. (See ECF No. 22.) Defendants served all Defendants with notice of the December 17 hearing on December 13, 2024. (See ECF Nos. 27, 28.)

10. "Defendants have consistently refused to communicate with Fantastic Sams or its counsel for many months." (ECF No. 29 at PageID 210.)

11. Defendant has not answered or otherwise appeared in the case.

12. On December 9, 2024, on motion from Plaintiff, the Clerk of Court entered default against Defendant. (See ECF Nos. 25. 26.)

4

13. Because of Defendant's default, it has admitted the well-pleaded factual allegations contained in the Complaint. See Trustees of U.A. 614 Health & Welfare Fund v. Wooten Mech., LLC, No. 2:23-CV-2071-MSN-ATC, 2023 WL 6544913, at *3 (W.D. Tenn. Oct. 6, 2023); see also Tripodi v. Welch, 810 F.3d 761, 764 (10th Cir. 2016) ("By his default, [the defendant] relieved [the plaintiff] from having to prove the complaint's factual allegations.").

14. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C §§ 1331, 1338(a) because this action relates to federally registered trademarks and copyrights. (Id. at PageID 4.) The Court has personal jurisdiction over Defendants because their principal place of business is in Collierville, Tennessee, which is in the Western District. (Id.) Venue is proper because the Defendants operate their salon in Collierville, Tennessee. (Id.)

15. The Court finds, based upon allegations contained in the Complaint, that Defendant is liable for Lanham Act and breach of contract violations. Plaintiff has adequately shown violations of the Lanham Act from its registered trademarks, Defendants' continued operation of the salon, and Defendants' continued use of the marks. (See ECF No. 9 at PageID 94–96; ECF No. 29-1 at PageID 214–215.) Plaintiff has adequately shown a breach of contract by Defendants' breach of the License Agreement, as demonstrated by the confirmation of the arbitration award. (See ECF No. 9 at PageID 98–99; ECF No. 27-1.)

16. Thus, Plaintiff is entitled to permanent injunctive relief as expanded upon below. See In re EllDan Corp., No. 22-31870, 2023 WL 3394917, at *5 (Bankr. D. Minn. May 11, 2023).

17. Thus, Plaintiff is entitled to damages of the sum of the minimum royalty payment per week ($368.40) with the minimum advertising payment per week ($146.49) multiplied by approximately 18 weeks. (See ECF No. 29-1 at PageID 220); La Quinta Corp. v. Heartland

Properties LLC, 603 F.3d 327, 342 (6th Cir. 2010). This amount shall be trebled. KFC Corp. v. Lilleoren, 821 F. Supp. 1191, 1193 (W.D. Ky. 1993).

18. The Court finds:

a. Plaintiff, having filed a Motion for Preliminary Injunction/Permanent Injunction and subsequent Motion for Default Judgment against Defendants, and the Court having reviewed and considered all the submissions in support of and in opposition to the proposed default judgement and the motion for preliminary injunction, and in light of the evidence presented with good cause being shown that immediate and irreparable injury, loss, or damage to Plaintiff, and the Court having granted the default judgment,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

19. Defendants and their agents, servants, affiliates, employees, and attorneys, and all others in active concert or participation with any of them (including, without limitation, any entity through which Defendants own or operate the "Fantastic Sams" at 622 Poplar Avenue, Collierville, TN 38017, or any entity through which Defendants own or operate any salon business at that location and the proprietors, incorporators, officers, directors, agents shareholders, and members of such entities) are hereby permanently and finally enjoined from directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership, or corporation, using the Fantastic Sams Marks including the trade and service mark "Fantastic Sams" and any other trade name, trademark, trade dress, service mark, distinctive form, slogan, colors, symbols, structures, printed goods, or devices associated with Fantastic Sams, including all signs, equipment, advertising materials, stationery, forms, receipts, and any other articles which

display trademarks, trade names, or service marks or are otherwise indicative of the Fantastic Sams brand, including on any social media or website;

20. Defendants and their agents, servants, affiliates, employees, and attorneys, and all others in active concert or participation with any of them (including, without limitation, any entity through which Defendants own or operate the "Fantastic Sams" at 622 Poplar Avenue, Collierville, TN 38017, or any entity through which Defendants own or operate a salon business at that location and the proprietors, incorporators, officers, directors, agents shareholders, and members of such entities), are hereby permanently and finally enjoined from directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership, or corporation, from holding themselves out to the public as a current or former Fantastic Sams franchisee;

21. Defendants, their agents, servants, family members, affiliates, employees, and attorneys, and all others in active concert or participation with any of them (including, without limitation, any entity through which Defendant owns or operates the "Fantastic Sams" at 622 Poplar Avenue, Collierville, TN 38017, or any entity through which Defendants own or operate a salon business at that location and the proprietors, incorporators, officers, directors, agents shareholders, and members of such entities), are hereby enjoined from either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from engaging in or continuing to operate or engage in a salon business for two years from the date of the injunction at the

      location or anywhere within 2.5 miles of the location or within 5 miles of any Fantastic Sams location.

22. Defendants are further ordered to comply with any and all post-termination obligations set forth in Section 12 of the License Agreement.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**: Defendants are jointly severally liable to pay damages owing to Plaintiff in the sum of $27,804.06.[2] Post-judgment interest on any unpaid amount of the judgment shall accrue on this amount at the rate of 4.20% per annum until the judgment is satisfied.

**IT IS SO ORDERED**, this 17th day of December, 2024.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

---

[2] While Plaintiff requested attorneys fees in its Motion for Default Judgment, (see ECF No. 29-2 at PageID 221), the Court reserves judgment on that issue in anticipation of a separate motion. Plaintiff is to file its Motion for Attorneys' Fees by January 6, 2025.